**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

KELLI J. ROSSOL,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No: 2:18–cv–00859–JCM–VCF

**REPORT & RECOMMENDATION**

      This matter involves Plaintiff Kelli J. Rossol's appeal from Defendant Nancy A. Berryhill's final decision denying Rossol's social-security benefits. (ECF No. 1-1). Before the Court is Rossol's Motion to Remand (ECF No. 10). In response, Berryhill filed an opposition and Cross Motion to Affirm (ECF No. 13 & 14) and Rossol replied (ECF No. 15).

## I. BACKGROUND

      This case arises under Title II and Title XVI of the Social Security Act. On November 15, 2010, Kelli Rossol filed her application for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act, 42 U.S.C. §§ 416, 423. (*See* Admin. Rec. at 133 - 34). Rossol's applications were denied upon initial determination. *Id*. at 17 - 27. Rossol requested the Appeals Council review the ALJ's decision and the Appeals Council denied the request for review on March 8, 2018. *Id*. at 1. On that date the decision became final. On May 12, 2018, Rossol filed a Complaint with the District Court of Nevada seeking judicial review of the ALJ's decision. (ECF No. 1-1).

## II. STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security applicants and recipients have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a person benefits, the District Court must review the Commissioner's decision to determine whether it accords with the Due Process Clause. *Eldridge*, 424 U.S. at 340; 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

**Discussion:**

I.   Factual Background

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Rossol suffered from a severe combination of impairments including diabetes, seizure disorder, migraine headaches, degenerative disc disease of the cervical and lumbar spine, and left shoulder rotator cuff tear. (AR 22).  The ALJ examined relevant medical evidence including opinions and reports of a treating physician Dr. Nouhad Damaj, opinions of Disability Determination Services psychological consultants Jack Araza and Paul Klein, internal medicine consultative examiner Dr. Wenceslao Cabaluna, DDS Medical Consultants - Drs. Larry Pappas and Mindy Lokshin, and records of medical treatment from Nevada Spine Clinic, Horizon View Medical Center, Valley Endocrinology, Highline Medical Center, and visits to physicians. (AR 17 - 27).  The ALJ found that Plaintiff would be able to perform her past relevant work as a legal secretary, secretary, and human resources clerk, thus, the ALJ denied her social security benefits. (AR 27).

Plaintiff challenges the ALJ's findings.  Plaintiff states that the ALJ improperly rejected the medical evidence, improperly rejected Plaintiff's testimony, and improperly rejected a lay witness statement.  (ECF NO. 10).

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Rossol is not disabled.

**Discounting the Treating Physician's Opinion:**

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has

3

a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

However, the ALJ does not need to automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*

Here, the ALJ considered but did not give significant weight to treating physician, Dr. Nouhad Damaj. (AR 26).

In June 2016, Nouhad Damaj, M.D., provided a checklist opinion on a pre-printed form titled "Medical Source Statement re: Residual Functional Capacity" (AR 643-44). Dr. Damaj opined that Plaintiff could lift and/or carry ten pounds occasionally, five pounds frequently, stand and/or walk for one hour in an 8-hour workday and sit for one hour in an 8-hour workday.  Plaintiff was not able to climb ladders, ropes or scaffolds but occasionally climb ramps and stairs, balance, stoop/bend and crouch/squat. She needed to take more than two unscheduled breaks in an 8-hour workday, and she was likely to miss more than four days of work per month.  (AR, p. 26).

Plaintiff alleges that the ALJ erred by discounting Dr. Damaj's opinion (ECF No. 10 at p. 11-12). However, the ALJ need not accept any physician's opinion, as ALJs have wide discretion to weigh and reject medical opinions regarding a claimant's functional capacity. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1194-95 (9th Cir. 2004) ("an ALJ need not give controlling weight to the opinion of [claimant's] physician" because "it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability"); *Ukolov*, 420 F.3d at 1004 (same). The ALJ considered Dr. Damaj's opinion and gave little weight to that opinion, finding that the record did not support the degree of limitations.

The court finds that the ALJ properly provided specific and valid reasons for discounting the doctor's opinion. The ALJ noted, a February 2010 EMG/NCV study revealed only mild evidence of cervical radiculopathy on the left side at C5-C6, and a September 2010 CT scan of Plaintiff's cervical spine revealed only mild to moderate degenerative disc disease at C5-C6 (AR 24, 242, 333). Similarly, a September 2010 MRI of her cervical spine revealed multilevel cervical disc disease but no abnormal cord signal or Chiari malformation (AR 24, 243). Further, a June 2015 MRI of her cervical spine revealed no significant central spinal canal stenosis or neural foraminal encroachment (AR 24, 629-30). Likewise, an October 2015 MRI of her lumbar spine revealed no central or neuroforaminal stenosis (AR 25, 631-32, 635). The ALJ found that Plaintiff "did not require emergency room or hospital treatment or extensive evaluation or testing during the period she claim disability." (AR 25).

The ALJ also noted that Plaintiff's physical examinations repeatedly showed that she had no swelling, no erythema, no atrophy, no joint or muscle tenderness, no muscle spasm, normal movement of all extremities, and normal sensation, motor function and strength, gait and stance, and reflexes. (AR 24-26).

The ALJ's findings were consistent with medical evidence, and they were based upon the record as a whole. (AR 17-27). When presented with contradicting medical evidence, as here, the ALJ is "responsible for determining credibility and resolving conflicts in medical testimony," which involves considering and according weight to the medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Evidence in the record supports the ALJ's analysis of the conflicting opinions of the physicians.

**Plaintiff's Testimony:**

ALJ's RFC was supported by Plaintiff's daily activities (AR 26). *See Thomas*, 278 F.3d at 958-59 (holding that the ALJ's finding that claimant could perform various household chores constituted a valid reason, among others, for discounting claimant's testimony). The ALJ properly assessed Plaintiff's testimony.

Plaintiff testified that she has no problems with personal care. She can care for her children and a small dog. She does not need special reminders to take care of her personal needs and grooming. She can prepare meals daily. She can do basic housework such as washing dishes, laundry and dusting. When going out, she can go out alone, take walks, run errands, and shop, and is able to drive or have someone drive her. She is also able to handle finances. (AR 26).

She testified that she spent time with others and did not need reminders to go places or be accompanied. She went to the movies and visited friends and family. She was able to follow spoken and written instructions fine. *Id.* at p. 26-27.

The ALJ reasonably found that Plaintiff was without assistance for most of the day and was still able to perform a range of daily tasks (AR 27). *Molina*, 674 F.3d at 1113 ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment").

**Discounting Edward W. Rossol's Statement**

The ALJ considered Plaintiff's husband, Edward W. Rossol's opinions and finds that that record as a whole does not support his opinion that Plaintiff is unable to perform any basic work activity. The ALJ gave little weight to his opinion. (AR 26).

An ALJ may consider testimony from lay witnesses submitted on behalf of a claimant. *See* 20 C.F.R. § 404.1529(c)(3). However, there is no legal basis requiring the ALJ to explicitly discuss or assign weight to their opinions. *See* SSR 06-3p (recognizing that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision"). While the Ninth Circuit says that lay witness testimony cannot be disregarded without comment, *Molina*, 674 F.3d at 1114, the ALJ is only required to give "germane" reasons in discounting competent lay testimony and need not "provide express reasons for rejecting testimony from each lay witness." *Id.*

Here, the ALJ as provided germane reason for discounting Edward Rossol's opinion. The ALJ states that the record as a whole does not support Edward Rossol's opinion. (AR 26).

The Court finds that the ALJ based his determination on substantial evidence in the record. The ALJ provided clear and specific reasons for rejecting Dr. Damaj's opinion, Plaintiff's personal testimony, and Edward Rossol's opinion. Therefore, the Court recommends denying Rossol's motion to reverse or remand and granting the Commissioner's motion to affirm.

ACCORDINGLY,

IT IS RECOMMENDED that Rossol's Motion for Reversal or Remand (ECF No. 10) be DENIED.

///

///

///

7

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 13) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 7th day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE